IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HABIG,

      Plaintiff,                    No. CIV S-10-2022 LKK EFB P

    vs.

MCALLISTER, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pursuant to Fed. R. Civ. P. 37(a)(3)(B), defendants move to compel plaintiff to respond to requests for admissions, interrogatories and requests for production of documents. Dckt. No. 28. Defendants also request attorney's fees for having to file their motion. *Id.* Plaintiff did not respond to the motion.[1]

---

[1] However, an inmate who claims to be assisting plaintiff in this litigation, filed a letter with the court stating that plaintiff suffers from a mental illness, cannot read legal documents, and needs an attorney. Dckt. No. 30. Unless this inmate assisting plaintiff is an attorney, he has no authority to represent plaintiff in court. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997); *Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986). Plaintiff may submit papers prepared by someone other than himself, but he must sign those papers or otherwise acknowledge that he wants them filed on his behalf. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented.").

1

1  Parties may obtain discovery regarding any matter, not privileged, that is relevant to the
2 claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information sought need not be
3 admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible
4 evidence. *Id.* The court may limit discovery if it determines the discovery sought is
5 unreasonably cumulative or obtainable from a more convenient or less expensive source, the
6 party seeking discovery had ample opportunity to obtain the information sought, or the burden or
7 expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). A
8 party has a continuing duty to supplement, correct or amend discovery responses if the court so
9 orders or if the party learns the responses were in some material respect incorrect or incomplete
10 and the information has not otherwise been made available to other parties. Fed. R. Civ. P.
11 26(e)(1).
12  A party may serve on any other party a written request to admit, for purposes of the
13 pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to (a)
14 facts, the application of law to fact, or opinions about either; and (b) the genuineness of any
15 described documents. Fed. R. Civ. P. 33(a)(1). A matter is admitted unless, within 30 days after
16 being served, the party to whom the request is directed serves on the requesting party a written
17 answer or objection addressed to the matter and signed by the party or its attorney. Fed. R. Civ.
18 P. 33(a)(3).
19  A party may, without leave of court or written stipulation, serve upon any party no more
20 than 25 written interrogatories. Fed. R. Civ. P. 33(a). Absent an order or stipulation extending
21 time, the receiving party has 30 days to answer each interrogatory fully in writing under oath
22 unless there is an objection, in which case the party must state the reason therefor and answer
23 portions of the interrogatory to which no objection is made. Fed. R. Civ. P. 33(b).
24  Any party may request any other party produce for inspection documents including
25 writings, drawings, graphs, charts or data compilations. Fed. R. Civ. P. 34(a). The requesting
26 party must identify the items to be produced and the party upon whom the request is made must

make a written response stating that inspection will be permitted as requested, unless the party objects and states the basis therefor. Fed. R. Civ. P. 34(b).

A party may move for an order compelling discovery if the receiving party fails to respond or fully answer its discovery requests. Fed. R. Civ. P. 37(a)(3)(B), (a)(4). That party is also entitled to reasonable expenses, including attorney's fees, caused by the receiving party's failure to respond, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

Here, defendants submit the declaration of counsel attesting that on September 8, 2011, she timely served on plaintiff one set of requests for admissions, one set of production of documents and one set of interrogatories, and that plaintiff failed to respond, even after following up with a meet and confer letter. Dckt. No. 28, Stringler Decl. ¶¶ 2-5, A-D; *see also* Dckt. No. 21 (August 3, 2011 Discovery and Scheduling Order) (requiring that requests for written discovery be served by September 15, 2011). Despite his obligation under the Federal Rules of Civil Procedure, plaintiff did not respond to defendants' discovery requests. He also failed to respond to defendants' motion to compel his responses. The court deems plaintiff's failure to oppose the motion as a waiver of opposition under Local Rule 230(l):

> Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21),days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

*Id.* A party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order, the Federal Rules of Civil Procedure, or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to

obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

In light of plaintiff's complete failure to respond to defendants' discovery requests, the motion to compel is granted to the extent that plaintiff shall respond to defendants' September 8, 2011 discovery requests within 30 days of the date of this order.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Defendants seek attorney fees for bringing the motion to compel.  Due to plaintiff's in forma pauperis status, the court declines to issue an award of monetary sanctions at this time. However, should plaintiff continue failure to participate in the discovery process may result in terminating sanctions.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b); *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998); *Henry v. Gill Indus.*, 983 F.2d 943, 946, 948 (9th Cir. 1993).  Plaintiff is hereby admonished that failure to comply with this order may result in the dismissal of this case.

Accordingly, it is ORDERED that defendant's November 9, 2011 motion to compel (Dckt. No. 28) is granted in part, and plaintiff shall respond to defendants' September 8, 2011 discovery requests within 30 days of the date of this order.  Any further motion to compel must be filed no later than 30 days thereafter.  Defendants' request for monetary sanctions is denied.

DATED: March 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE